FERDINAND BOTT, *Appellee,* v. T. T. REYBURN, *Appellant.*

No. 17,424.

SYLLABUS BY THE COURT.

DAMAGES—*Negligence—Collision—"Law of the Road"—Instruc-tions.* In an action to recover damages for the loss of plain-tiff's horse caused by a collision with a vehicle of the de-fendant it was shown that the plaintiff driving south with a team on the right side of a city street angled across to the left to water his horses at a public trough, and just before reaching it the defendant's servant coming north in a delivery wagon drawn by a single horse drove rapidly between the trough and plaintiff's team, the shaft of the delivery wagon piercing the breast of one of the plaintiff's horses, causing its death. Defendant requested the court to instruct in substance that the law of the road requires parties traveling in opposite directions on meeting each other to keep to the right, that one by driving on the wrong side assumes the risk of all such experiments and must use greater care than if he kept upon the right side, and if a collision takes place the presumption

is generally against the party upon the wrong side, especially if the collision takes place in the dark, which instruction was refused. *Held*, not error.

Appeal from Leavenworth district court. Opinion filed February 10, 1912. Affirmed.

*W. W. Hooper*, for the appellant.
*Arthur M. Jackson*, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff was driving south on Fourth street in the city of Leavenworth and angled from the right side of the street to the left in order to water his horses at a public trough. Just before reaching the trough, defendant's servant coming north in a delivery wagon drawn by a single horse drove rapidly between the trough and the plaintiff's team, running one of the shafts into the breast of one of plaintiff's horses, causing its death. From a judgment in favor of the plaintiff the defendant appeals, and assigns as error the refusal of the trial court to give a requested instruction and its refusal to grant a new trial for this reason, and for the further reason that the jury returned a quotient verdict.

The jury were instructed that it was the duty of plaintiff to use ordinary care and prudence and keep to the right in attempting to pass the defendant's servant, and if they should find that in attempting to cross the street he failed to use such care and prudence and thereby contributed to the injury the verdict should be for the defendant; that before he could recover he must have been free from negligence himself, and that if his own negligence contributed to the loss of the horse the verdict should be for the defendant although the defendant's servant was also guilty of negligence contributing to the collision. Also:

"If the jury believe from the evidence that the plaintiff was using the wrong side of the road, the law

presumes that his negligence was the proximate cause of the injury and before he can recover in this action he must not only show that he was not guilty of any negligence himself, but he must also show by a preponderance of the evidence that the negligence of the defendant's servant was the direct and proximate cause of the collision and injury."

The refused instruction complained of was:

"The court instructs the jury that it is the duty of parties traveling in opposite directions, on meeting each other, to keep to the right. This rule is known as 'the law of the road,' and one who violates 'the law of the road' by driving on the wrong side of the way, assumes the risk of all such experiments, and must use greater care than if he had kept upon the right side of the road, and if a collision takes place the presumption is generally against the party upon the wrong side and especially is this true if the collision takes place in the dark."

The instructions given by the court were certainly as strongly in favor of the defendant as he was entitled to and no error was committed in refusing to give the one requested.

An examination of the record fails to show that the jury returned a quotient verdict.

The judgment is affirmed.